Ruben GONZALES–SOTO, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 91–183.

United States Court of Veterans Appeals.

Oct. 7, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Vietnam veteran Ruben Gonzales–Soto, appeals from an October 15, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an effective date earlier than

October 3, 1988, for his 100% disability rating for a service-connected psychiatric disorder. *Ruben Gonzales-Soto*, BVA 90–___ (Oct. 15, 1990). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion will be granted and the decision of the Board affirmed.

The veteran has received service-connected disability benefits for a psychiatric disorder since at least 1982. (Although the veteran has stated that his service-connected disability rating was "reduced" in July 1982, the record on appeal does not reveal whether he had a service-connected disability rating prior to July 1982.) Pursuant to a September 20, 1985, BVA decision, the veteran was awarded a 70% disability rating for that condition effective July 1, 1982. R. at 1. That 1985 BVA decision is final and may not be reviewed by this Court. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (Court may review only final BVA decisions in connection with which a Notice of Disagreement was filed with the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) on or after November 18, 1988). In June 1986, the veteran underwent a VA psychiatric examination. R. at 2–7. The report of that examination was accepted by VA as a claim, filed on the date of the examination, for an increased rating. *See* 38 C.F.R. § 3.157 (1991) (VA examination report may be accepted as claim for increased rating); *Servello v. Derwinski*, 3 Vet.App. 196, 198 (1992). In a December 5, 1986, decision, the RO denied the claim. R. at 9.

The veteran was hospitalized at a VA hospital from October 14 to November 5, 1987. R. at 27. In an April 7, 1988, decision, the RO awarded the veteran a temporary total disability rating, pursuant to 38 C.F.R. § 4.129, for the period of October 14 to November 30, 1987. R. at 27–28. Section 4.129(a) provides that temporary total disability ratings "will be terminated effective the last day of the month of hospital discharge". Hence, the veteran's 70% rating was resumed effective December 1, 1987.

In an August 3, 1988, decision, the BVA remanded the veteran's claim for an increased disability rating to the RO with instructions to conduct a psychiatric examination of the veteran. R. at 29–31. At an October 3, 1988, VA examination pursuant to the BVA remand, the examining psychiatrist concluded that the veteran's level of functioning due to his psychiatric disorder was "very poor". R. at 34. In a July 31, 1989, decision, the BVA concluded that the veteran was entitled to a 100% disability rating for his service-connected psychiatric disorder. R. at 39–40. In a September 14; 1989, decision, the RO noted that the BVA's decision that the veteran was entitled to an increased rating was based upon the evidence in the October 3, 1988, VA psychiatric examination, and the RO awarded the veteran a 100% rating effective as of October 3, 1988, the date of that VA examination. R. at 43.

In an October 31, 1989, statement, the veteran asserted entitlement to an earlier effective date for his 100% disability rating. The veteran stated that he had been pursuing the claim since July 1982, when his disability rating had been reduced to 50%, and that he was entitled to a retroactive payment of benefits "since my [service-connected rating] was reduced." R. at 44. In his April 1990 VA Form 1–9, Appeal to the BVA, the veteran again asserted entitlement to an earlier effective date for his 100% rating, stating that the August 1988 BVA remand was made pursuant to his earlier-filed claim, and that, thus, the increased rating should be made effective as of the date of his claim. R. at 50.

In its October 1990 decision, the BVA denied an earlier effective for the 100% rating. The Board stated: "While it is true that the veteran did diligently pursue his claim, the effective date of an increased award may not be earlier than the earliest date as of which it is ascertainable that an increase in disability had occurred." *Gon-*

**332**

*zales–Soto,* BVA 90–___, at 3. The Board concluded that the findings on the October 3, 1990, VA psychiatric examination provided the earliest evidentiary basis for concluding that the veteran was entitled to a 100% rating, and, therefore, October 3, 1988, was the earliest effective date allowed for that rating.

■ The effective date of an increased disability rating is governed by 38 U.S.C. § 5110(b)(2) (formerly § 3010), which provides:

> The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability has occurred, if application is received within one year from such date.

*See* 38 C.F.R. § 3.400(*o* )(2) (1991); *Quarles v. Derwinski,* 3 Vet.App. 129, 134 (1992); *Servello, supra.* Therefore, the Board may not award an effective date for the veteran's 100% disability rating earlier than the date on which, as established by evidence of record, he became entitled to such increased rating.

■ The determination as to when, on the basis of the evidence of record, the veteran became entitled to an increased rating is a determination of fact, which the Court reviews on a "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4) (formerly § 4061); *see Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). Under that standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them". *Gilbert,* 1 Vet.App. at 53. Because there is a plausible basis in the record for the Board's determination that October 3, 1988, was the earliest date at which the veteran's entitlement to a 100% rating was ascertainable, the Court may not overturn the Board's decision assigning an effective date of October 3, 1988.

■ With regard to the veteran's assertion in his October 31, 1989, statement to VA that he is entitled to retroactive benefits because his disability rating was reduced to 50% in 1982, the Court holds that

he has not stated any cognizable basis for awarding an earlier effective date for the 100% disability rating. As stated above, the Court lacks jurisdiction to review any BVA decision in connection with which an NOD was not filed on or after November 18, 1988. Any 1982 decision reducing the veteran's rating to 50% was made final by the BVA's September 1985 decision which increased his disability rating to 70% effective July 1982. The veteran has not asserted that clear and unmistakable error was made in the 1982 or 1985 decisions so as to justify revision of those decisions under 38 C.F.R. § 3.105(a). *See Russell and Collins v. Principi,* 3 Vet.App. 310, 313–15 (1992) (en banc). He is free to raise such claims subsequently pursuant to our holding in *Russell/Collins.*

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(*l* ), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert, supra.* The Secretary's motion for summary affirmance is granted, and the October 15, 1990, BVA decision is affirmed.

AFFIRMED.