Ruben GONZALES–SOTO, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 91–183.

United States Court of Veterans Appeals.

Dec. 4, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On October 7, 1992, the Court issued a memorandum decision affirming the decision by the Board of Veterans' Appeals (BVA or Board) that appellant was not entitled to an earlier effective date for his 100% disability rating. 3 Vet.App. 330. On October 26, 1992, appellant filed a motion for reconsideration. Because appellant asserts that the Court erred in determining that the case was one "of relative simplicity" and that the outcome was "not reasonably debatable", the Court construes his motion for reconsideration also as a motion for review by a panel of the Court under Rule 35(b) of this Court's Rules of Practice and Procedure.

The arguments appellant raises in his motion for reconsideration (except for an assertion of "clear and unmistakable error") are essentially the same as the arguments he had previously made in his informal brief, which the Court considered in reaching its decision. In his motion, appellant asserts that the Court erred in determining that there was a plausible basis for the Board's finding that October 3, 1988, was the earliest date at which it was ascertainable that an increase in his service-connected disability (to 100%) had occurred. In support of this assertion, appellant states that he had previously had a 100% rating for his service-connected disability from 1968 or 1969 until 1982, when it was reduced to 50%. He states that the evidence demonstrates that he has been 100% disabled due to his service-connected disability continuously from 1968 or 1969 to the present. He notes that the Court stated that he has had a service-connected disability rating since "at least" 1982, and requests that the Court allow the record to be supplemented to include evidence of his service-connected disability rating prior to 1982. Mot. at 2.

Appellant further asserts that the Court erred in failing to consider its precedents involving "unemployability decisions" and "increase decisions" as they apply to his claim. He also seeks to raise a claim of "clear and unmistakable error" in 1982 and 1985 decisions of the BVA or the Veterans' Administration (now Department of Veterans Affairs) Regional Office. Finally, he asserts that the resolution of his appeal is "reasonably debatable" and therefore inappropriate for single-judge resolution. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). In support of this claim, he refers to a case (cited as "Guisti v. Secretary") which he states has been pending in federal court since 1984 without resolution, and which, he apparently asserts, involves issues similar to those raised in his appeal.

As stated in the October 7, 1992, memorandum decision, the Court may review only decisions of the Board in which a Notice of Disagreement (NOD) was filed on or after November 18, 1988. *See* Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988). The Court is thus without jurisdiction to review any BVA decisions in 1982 and 1985. Therefore, the Board's decision in 1985 that the veteran's service-connected disability was no more than 70% disabling at that time is final and is binding as to that factual finding (except insofar as a claim of clear and unmistakable error were to be raised and sustained). The only issue properly before this Court at the time it rendered its October 7, 1992, decision, was whether the Board erred in its October 15, 1990, decision in determining that the earliest date on which it was ascertainable that the veteran's disability had increased from 70% to 100% was October 3, 1988. The Court held that there was a plausible basis for the Board's decision, and appellant has not provided a compelling reason for the Court to reconsider that holding.

In its October 7, 1992, decision, the Court stated: "The veteran has received service-connected disability benefits for a psychiatric disorder since at least 1982. (Although the veteran has stated that his

service-connected disability rating was 'reduced' in July 1982, the record does not reveal whether he had a service-connected disability rating prior to July 1982)." *Gonzales–Soto v. Principi*, 3 Vet.App. 330, 331 (1992). Appellant now moves the Court to supplement the record with evidence of his 100% service-connected rating prior to 1982 and to reconsider its decision on the basis of the supplemented record. The Court notes that the requested supplementation of the record, even if it contained evidence that appellant had a 100% service-connected disability rating prior to 1982, would not affect the outcome of the present appeal. As noted above, the Court is bound by the final determination of the BVA in 1985 that appellant's service-connected disability was only 70% disabling at that time. Therefore, any evidence that appellant had a 100% rating prior to 1982 would not affect the Court's review of the BVA's determination as to when, subsequent to 1985, it first became ascertainable that appellant's service-connected disability had increased from 70% to 100% disabling. The Court further notes that on October 7, 1991, appellant filed a statement with the Court, pursuant to Rule 10 of the Court's Rules of Practice and Procedure, that he accepted the record as designated by the Secretary.

■ Appellant has further asserted that the Court's decision should be reconsidered because it was made without consideration of applicable Court precedents regarding unemployability claims and increased-ratings claims. To the contrary, the Court's October 7, 1992, decision was based upon consideration of all applicable law and precedent. Although evidence relating to the veteran's unemployability is relevant to the determination as to when, after 1985, the veteran became 100% disabled, such evidence is not dispositive. The 100% service-connected rating awarded by the BVA in its July 31, 1989, decision was based on the veteran's meeting the schedular criteria, in the VA schedule of disability ratings, for a 100% rating, and was not based on individual unemployability due to service-connected disability under 38 C.F.R. § 4.16. R. at 35–40. Because the July 1989 BVA decision assigning a 100% disability rating was based on a Notice of Disagreement (NOD) filed before November 18, 1988, the Court may not review that BVA decision to determine whether the Board then erred in failing to assign a 100% disability rating on the basis of unemployability due to his service-connected condition rather than on the basis of his meeting the schedular requirements in 38 C.F.R. § 4.132, Diagnostic Code (DC) 9203 (1991) for a 100% rating. *See* VJRA § 402; *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990). The Court may review only the Board's determination in its October 15, 1990, decision as to the proper effective date for the 100% rating based on appellant's meeting the schedular criteria for a 100% rating. Evidence that the veteran was unemployable prior to October 3, 1988, therefore, does not conclusively establish entitlement to a 100% schedular rating pursuant to the schedular criteria of DC 9203, and application of the Court's precedents regarding 100% disability ratings based on unemployability under 38 C.F.R. § 4.16 would not affect the outcome of the Court's October 7, 1992, decision.

■ In its October 7, 1992, decision, the Court noted that appellant had not raised a claim of "clear and unmistakable error" in the final decisions of the RO or BVA in 1982 and 1985, requiring revision of those decisions under 38 C.F.R. § 3.105(a) (1991). The Court stated that he was "free to raise such claims subsequently pursuant to [the Court's] holding in [*Russell v. Principi*, 3 Vet.App. 310 (1992) (consolidated with *Collins v. Principi* (en banc) (*Russell/Collins*)]." In his motion for reconsideration, appellant now seeks to raise a claim of clear and unmistakable error. However, as the Court stated in *Russell/Collins*, this Court may review claims of clear and unmistakable error in prior final decisions only when such claims have been properly raised to and adjudicated by the BVA. *Russell/Collins*, 3 Vet. App. at 314. Therefore, appellant's claim of clear and unmistakable error requiring revision of prior final BVA or RO decisions must be raised in the first instance to the RO and will be reviewed by this Court only after the BVA has rendered a final decision

as to that claim and appellant has filed a Notice of Appeal from such final BVA decision within 120 days after the BVA's mailing to appellant of notice of such decision.

Finally, appellant has asserted that ongoing litigation in federal court in Puerto Rico in a case referred to as "Guisti v. Secretary" before "Judge Carmner Consuelo Vargas de Cerezo" indicates that the resolution of the issues in the present appeal are "reasonably debatable" and should, therefore, be reviewed by a panel of the Court. Appellant has not indicated how the "Guisti" case relates to the issues, pertaining to the effective date for appellant's increased schedular rating, decided by the Court in its October 7, 1992, decision. The Court's decision was based on evaluation of the evidence and appellant's arguments in view of applicable statutory and regulatory law and the precedent decisions of this Court, as explained in that decision, and the Court does not find that appellant's arguments and his references to the "Guisti" case in his motion for reconsideration provide a basis for concluding that the outcome is reasonably debatable.

On consideration of the foregoing, it is

ORDERED that the motion for reconsideration is denied. The motion for review by a panel will be referred to a panel of the Court for disposition.