Bruce W. SOLOMON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1391.

United States Court of Veterans Appeals.

Argued Feb. 8, 1994.

Decided April 8, 1994.

Richard J. Nolan, Englewood, CO, for the appellant.

Mary Lou Keener, General Counsel, Norman G. Cooper, Assistant General Counsel, R. Randall Campell, Deputy Assistant General Counsel, and Michael A. Leonard, Washington, DC, were on the brief, for the appellee.

Before KRAMER, MANKIN, and IVERS, Judges.

MANKIN, Judge:

Bruce W. Solomon (appellant) appeals a September 4, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a postoperative duodenal ulcer, denying reopening of a claim for service connection for a low-back disorder, and denying an increased rating for residuals of a small bowel resection, currently rated as ten percent disabling. The appellant claims the Board erred in declining to reopen his claim for a low-back disorder as caused by either an in-service injury or as secondary to an in-service appendectomy because it failed to determine whether the evidence submitted by the appellant was new and material. We hold that the evidence submitted by the appellant is new and material, and therefore this claim will be remanded. However, we also hold that there is no new and material evidence as to the appellant's claim that his back condition was aggravated by service or that it was a secondary result of the use of spinal anesthesia during an in-service operation, and therefore this portion of the Board's decision will be affirmed.

The appellant further claims the Board erred in denying service connection for the postoperative duodenal ulcer because he asserts it is secondary to service-connected disabilities. The Board found that the ulcer was not caused by current service-connected disabilities. We hold that this determination is not clearly erroneous, and accordingly will affirm the Board on this matter. However, the Board failed to consider that the ulcer may have been related to the low-back disorder, and shall be required to consider this issue on remand if the Board determines that the back condition is service connected.

Finally, the appellant asserts that the Board's determination that he is not entitled to an increased rating for residuals of a small bowel resection is clearly erroneous. However, the Board's decision is supported by a plausible basis and, accordingly, the Court will affirm these findings of the Board.

## I. Factual Background

The appellant served in the United States Army from September 1952 to September 1954. In April 1953, an appendectomy was performed on the appellant, during which he was administered a spinal anesthetic. The appellant argues that he has had continuous lower back pain as a result of this spinal anesthetic, or, alternately, as a result of a back injury incurred while in service. He sought treatment for the pain in December 1953, and the medic prescribed hot showers and aspirin for back strain. In 1965, the appellant had back surgery, during which his

L5–S1 disc was removed, and degenerative arthritis was noted.

In 1969, the appellant was service connected at zero percent for the appendectomy scar, and service connection for a back disability was denied. The decision was not appealed. In 1977, after complaining of severe abdominal pain, the appellant was diagnosed with a bowel obstruction. The appellant's doctor opined that the bowel obstruction was secondary to the ruptured appendix, which had occurred in service.

In 1983, the appellant suffered a perforated duodenal ulcer, which was over-sewn. He had continued problems with his stomach, including a vagotomy, antrectomy and Billroth I, and gastrointestinal bleeding. The appellant's medical history indicated a long history of taking aspirin and Feldene for relief of arthritis.

In 1986, the small bowel resection was service connected as secondary to the appendectomy and rated at ten percent disabling. Service connection for the duodenal ulcer was denied, however. The appellant did not appeal this determination. In May 1989, the appellant submitted a claim for an increased rating for his service-connected disabilities and attempted to reopen his claims for service connection of his ulcer and low-back disorder. The claims were denied by a confirmed rating decision of August 1989. A Notice of Disagreement was filed in November 1989.

The appellant submitted several documents from Alexander Jacobs, M.D., in which the doctor stated his opinion that the appellant's ulcer and low-back disorder were the secondary result of the appellant's ruptured appendix in service. By a decision dated April 3, 1991, the Board remanded the appellant's appeal to the VA Regional Office to obtain a current examination and opinion from a specialist regarding the extent of the small bowel resection residuals. The examining physician found:

> The etiology of the [appellant's] peptic ulcer disease is due to non-steroidal anti-inflammatory medications including Feldine [sic] and aspirin in 1983. The degree and amount of small bowel resection in 1977 is insufficient to lead to or cause the recurrence of duodenal ulcer disease. Gastric hyper-secretory states occur only with large or massive small bowel resections. The status only persists for a period of three to six months after such a resection. The resection of 13 inches of the distal ileum is insufficient to produce any type of hyper [sic] secretory status. Therefore, it is the examiner's opinion that the small bowel resection in 1977 bears no causal relationship to the occurrence of duodenal ulcer disease in 1983.

In June 1991, a confirmed rating decision was issued denying the appellant's claims.

In August 1991, the appellant submitted additional documentation from Hal S. Crane, M.D., in which the doctor opined that the appellant's low-back disorder was of service-related origin. Another confirmed rating decision was issued in August 1991. The Board's September 4, 1992, decision agreed with this determination, and the present appeal followed.

## II. Analysis

### A. New and Material Evidence

 The appellant contends that the Board erred in determining that he did not submit new and material evidence to reopen his claim. The appellant advances several theories by which he contends he should be service connected. First, the appellant asserts service connection should be granted for his back condition because it resulted from either a back injury incurred while in service or as secondary to his in-service appendectomy. In order to determine if a claimant has presented new and material evidence, the Court will conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). This analysis requires that two findings be made to conclude that the evidence is new and material—there must be a finding that the evidence is, first, new and, second, that it is material. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Evidence is new where it is not merely cumulative or repetitious of evidence already of record. *Id.* at 174. If the evidence is not new, there is no need to determine whether the evidence is material. *See Manio*, 1 Vet.App. at 145. Newly presented evidence is material where

it "is relevant and probative of the issue at hand." *Colvin,* 1 Vet.App. at 174. Furthermore, material evidence is that which creates "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.*

 Whether newly submitted evidence is new and material is a question of law which this Court reviews de novo. *Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992). Having reviewed the record, this Court finds that the appellant has presented new and material evidence regarding his claim that his back condition was either a secondary result of an in-service appendectomy or caused by an in-service injury. To reopen his claim, the appellant submitted evidence from two private doctors. A medical report from Dr. Alexander Jacobs opined that the appellant's back disorder was a result of the appellant's service-connected appendectomy. The appellant also presented a medical report from Dr. Hal Crane, which stated that the appellant's back disorder was caused by an in-service injury sustained on December 31, 1953.

We hold that these statements are new evidence, having never before been a part of the record. *Colvin,* 1 Vet.App. at 174. Furthermore, this new evidence is also relevant and probative of the issue at hand—whether the appellant should be service connected for a back disorder. The evidence also suggests that the appellant's back disability may have been caused by in-service activity, and therefore constitutes material evidence presenting the "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.* Thus, we hold that the evidence presented by the appellant is new and material. The BVA disregarded this testimony, and the Secretary confesses error and recommends that this Court remand the issue for further development and proceedings. Accordingly, the matter will be remanded for further development and adjudication.

The appellant next asserts that military service aggravated a preexisting back condition. This claim has been formerly denied by the Board. However, the appellant has failed to present any evidence that is either new or material to this claim. In short, the appellant has presented no evidence regarding this claim, and accordingly we find no basis for remand.

### B. Use of Medical Treatise

 In explaining its decision with *respect to the low-back condition,* the BVA relied upon bare citation to a medical treatise to rebut the opinion of Dr. Jacobs proffered by the appellant tending to support his contention that his back disability was the result of a spinal tap anesthesia administered while he was in the service. This Court held in *Thurber v. Brown,* 5 Vet.App. 119, 126 (1993), that if the Board relies upon a medical treatise or other evidence developed subsequent to the issuance of the most recent Statement of the Case or Supplemental Statement of the Case, it must provide an appellant with notice of the intended reliance on that treatise, a copy of the relevant text, and an opportunity to respond. The record is conclusive, however, that the Board did not adhere to any of the dictates set out in *Thurber.* Furthermore, there is no medical opinion or other counterbalancing evidence upon which the Board relied regarding this issue. Finally, the Board failed to quote in its decision the relevant portion of the treatise upon which it relied, in violation of *Hatlestad v. Derwinski,* 3 Vet.App. 213 (1992). Accordingly, this portion of the Board's decision will be vacated, and the matter will be remanded for readjudication consistent with this opinion.

### C. Clear and Unmistakable Error

 The appellant next argues that the Board has failed to address his claim regarding the existence of clear and unmistakable error (CUE) in prior adjudications of his claim. This Court has held that the Board "must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991). The Court has extended this principle "to include issues raised in all documents or oral testimony submitted prior to the [Board] decision." *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991).

Upon review of the appellant's substantive appeal, other documents, and oral testimony, this Court finds that the appellant has not reasonably raised the issue of CUE in prior determinations. The matter of CUE is mentioned only in the appellant's Statement of an Accredited Representative and only in vague and passing fashion. It states, "Regardless of VA's decision regarding clear & [sic] unmistakable error in denying service-connection [sic] for a back condition directly or by aggravation, veteran has in fact submitted evidence that in [sic] not merely cumulative of other evidence in the record & [sic] is relevant & [sic] of the issue of service-connection [sic] for a back condition." In order to aver that prior determinations contain CUE, an appellant may not simply recite that incantation; he must plead the CUE claim with some degree of specificity. *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993). "If a claimant-appellant wishes to reasonably raise CUE there must be some degree of specificity as to what the alleged error is and … persuasive reasons must be given as to why the result would have been *manifestly* different but for the alleged error." *Id.* It is clear from the record that the appellant did not plead with specificity the CUE he claims to have resulted in the erroneous prior determinations, and we, therefore, find no error in the Board's election not to consider this claim.

### D. Duty to Assist

■ During the adjudication of his claim, the appellant put the VA on notice that medical records from a Dr. Harder documenting his back condition were missing. The appellant noted the specific treatment and services he had received from Dr. Harder, and described what information and probative value these documents should provide. However, the VA and Board made no attempt to identify and obtain those records. This failure is a violation of this Court's holding in *Ivey v. Derwinski*, 2 Vet.App. 320, 323 (1992), which stated that where the VA is on notice that records supporting an appellant's claim may exist, the VA has a duty to assist the appellant to locate and obtain these records. Therefore, the Board is directed to attempt to locate and obtain these records on remand.

### E. Ulcer Claim

■ The appellant next argues that the decision to deny service connection for the duodenal ulcer is clearly erroneous. He points to Dr. Jacob's statement that "both his back disease and his peptic disease are service-connected and in fact, interrelated." The Secretary counters that the VA examiner determined that the appellant's ulcer was caused by his use of nonsteroidal anti-inflammatory medications, specifically Feldene and aspirin. In fact, the appellant's own doctor noted that the bleeding ulcer was probably related to nonsteroidal anti-inflammatory use.

■ The Court reviews assertions of error in determining service connection under the "clearly erroneous" standard, *Mense v. Derwinski*, 1 Vet.App. 354, 356 (1991), set out by the Court in *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). In *Gilbert* we stated the role of this Court is not to make findings of fact, but to ascertain whether the findings made by the Board evidence clear error. *Id.* at 53. The Board's findings constitute clear error only where they are not supported by a plausible basis in the record. *Id.* Based upon the evidence of record, including the report provided by the VA medical examiner, this Court holds that there is a plausible basis for the Board's September 4, 1992, decision as to this claim.

■ In providing the reasons for its determination, the Board supported its finding that the use of anti-inflammatory drugs can be the cause of an ulcer with a citation to a medical treatise. Again, in violation of *Thurber*, 5 Vet.App. at 126, the Board did not provide the appellant with notice of its intended reliance on the treatise, a copy of the text, or an opportunity to respond. However, we find that in this instance, the failure constituted harmless error. *See Yabut v. Brown*, 6 Vet.App. 79, 84–85 (1993). The Board utilized the cite to the treatise to complement the VA medical opinion that anti-inflammatory drugs can cause ulcers. In short, the cite was used as additional support for evidence already independently

established. Since this is an error that did not result in prejudice to the appellant, it is harmless. *See id.; see also Russell v. Principi*, 3 Vet.App. 310, 313 (1992) (en banc).

### F. Secondary Service Connection

■ The appellant further contends that he is entitled to secondary service connection of his back condition due to the multiple abdominal surgeries performed upon him, all of which were the result of his service-connected appendectomy. The appellant additionally argues that his ulcer condition should be service connected because, as a result of the back pain he suffered, he was required to take Feldene and aspirin which, in turn, caused his ulcer. The regulation, 38 C.F.R. § 3.310(a) (1993), and this Court's holding in *Harder v. Brown*, 5 Vet.App. 183, 187–89 (1993), sanction the granting of secondary service connection. Specifically, secondary service connection is to be granted for a disability "which is proximately due to or the result of a service-connected disease or injury.... When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition." 38 C.F.R. § 3.310(a).

The appellant presented medical evidence in support of his claim for secondary service connection. Yet, the Board failed to consider this evidence or make any ruling at all regarding this claim. As we stated previously, the Board is required to address all claims reasonably raised in the appellant's substantive appeal and in all of his documents and oral testimony submitted prior to the Board's decision. *Myers*, 1 Vet.App. at 130; *EF*, 1 Vet.App. at 326. Since the Board failed to consider these properly raised claims, they will be remanded to the Board for further development and adjudication.

### G. Increased Rating

■ Finally, the appellant claims he is entitled to an increased rating from his current rating of ten percent for residuals of his small bowel resection. The question of degree of impairment resulting from a disability, or the appropriate rating under the VA schedule for rating disabilities, is a question

of fact, which this Court reviews under the "clearly erroneous" standard. *Lovelace v. Derwinski*, 1 Vet.App. 73 (1990). The Board's findings constitute clear error only where they are not supported by a plausible basis in the record. *Gilbert*, 1 Vet.App. at 53.

Residuals of small bowel resections are rated under 38 C.F.R. § 4.114 (1993), Diagnostic Code (DC) 7301. 38 C.F.R. § 4.114, DC 7328 note. Under DC 7301, mild adhesions of the peritoneum are rated as zero percent disabling; moderate adhesions, described as involving "pulling pain on attempting work or aggravated by movements of the body, or occasional episodes of colic pain, nausea, constipation (perhaps alternating with diarrhea) or abdominal distension," are rated as ten percent disabling; more severe adhesions, described as "[m]oderately severe; partial obstruction manifested by delayed motility of barium meal and less frequent and less prolonged episodes of pain [than severe adhesions]," are rated as thirty percent disabling. 38 C.F.R. § 4.114, DC 7301.

The record demonstrates that the appellant does not experience any of the symptoms described as required for a thirty percent rating. Rather, the record is conclusive, and the Board found, that the appellant did not suffer from moderately severe adhesions with partial obstruction, and that barium and air passed freely from the stomach into the proximal small bowel. A finding of moderately severe adhesions with partial obstruction demonstrated by delayed motility of barium meal is required under the regulation, 38 C.F.R. § 4.114, DC 7301, for the next highest disability rating. The appellant has presented no evidence suggesting that the Board's finding is clearly erroneous, and we therefore will affirm the findings of the Board.

Furthermore, the appellant is not entitled to a higher disability rating under the other applicable diagnostic code, 38 C.F.R. § 4.114, DC 7328, which provides the disability ratings for conditions resulting from a resection of the small intestine. The next highest rating above ten percent, the rating at which the appellant is currently service connected, requires that a claimant demonstrate symptoms of diarrhea, anemia, and an inability to

gain weight. *Id.* There is no evidence of record to suggest that the appellant suffers from any of these symptoms. In fact, the record specifically demonstrates that the appellant does not suffer from diarrhea or anemia, and that he has been able to gain weight. Therefore, we accordingly find that there is a plausible basis in the record for the Board's September 4, 1992, decision regarding this issue, and it will be affirmed.

### III. Conclusion

Upon consideration of the record, the appellant's brief, and the Secretary's brief, the September 4, 1992, decision of the Board of Veterans' Appeals is affirmed in part and vacated and remanded in part. We hold that the appellant has presented new and material evidence that his back condition was either a secondary result of an in-service appendectomy or caused by an in-service injury, and this matter is remanded to the Board for further development and adjudication. However, the appellant has presented no new and material evidence regarding aggravation of a preexisting back condition, and therefore there is no basis for remand. We also hold the Board violated this Court's holding in *Thurber,* 5 Vet.App. 119, 126, in using a medical treatise to rebut the opinion of Dr. Jacobs, and this portion of the Board's decision is vacated and remanded for readjudica-tion consistent with this opinion. Further, we hold that the appellant has not pled CUE with specificity, and the Board did not err in electing not to consider this claim. Next, we hold that the Board breached the duty to assist in failing to identify and obtain the records of Dr. Harder, and the Board is directed to identify and obtain those records on remand. We additionally hold that the Board's determination regarding the appellant's ulcer claim is not clearly erroneous, and that the Board committed no *Thurber* error in explaining its decision in regard to this matter. We further hold that the Board erred when it failed to consider the appellant's claims of secondary service connection, and this matter is remanded for further development and adjudication. Finally, we hold that the Board committed no error in denying the appellant's claim for an increased rating for residuals of a small bowel resection, and this portion of the Board's decision is affirmed.