**Eula G. KLUTTZ, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–85.

United States Court of Veterans Appeals.

Dec. 23, 1994.

Fletcher L. Hartsell, Jr., Concord, NC, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the brief for appellee.

Before KRAMER, FARLEY, and STEINBERG, Judges.

KRAMER, Judge:

The appellant, Eula G. Kluttz, appeals an October 21, 1993, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to an earlier effective date for an award of dependency and indemnity compensation (DIC) benefits. The Court has jurisdiction under 38 U.S.C. § 7252(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The appellant's first husband, William Randol Patey (the veteran), served on active duty from December 1941 until he was killed in action in June 1944. Record (R.) at 12. The appellant was awarded a VA "death pension" as the widow of the veteran. (The "death pension" which the appellant received for several years based on the service-connected death of the veteran was the predecessor of DIC; the "death pension" later referred to in VA Form 21–534, Application for DIC or Death Pension by a Surviving Spouse or Child (VA Form 21–534), is a survivor's benefit based on financial need when the veteran's death was not service connected.)

In January 1946, the appellant married George S. Kluttz, Jr., who was also a World War II veteran. R. at 23–24, 30. In February 1946, the VA issued a stop payment notice on the appellant's death pension, effective January 1946, based upon the appellant's remarriage. R. at 26. In 1948, Mr. Kluttz filed a Declaration as to Marital Status which indicated that the appellant had previously been married to the veteran and that such marriage ended when the veteran was killed in action in June 1944. R. at 20.

Mr. Kluttz died in December 1982. R. at 28. In January 1983, the appellant submitted a VA Form 21–4138, Statement in Support of Claim (VA Form 21–4138). In the space provided for the name of the veteran, the appellant typed "George Stroble Kluttz." The remainder of the statement provided as follows:

> I regret to advise the VA of the death of my spouse, the above named veteran, who passed away on 11 December 1982. He was receiving a veteran's pension benefit at his death. I have returned US Treasury checks to the Department of the Treasury, PO Box 2940, Austin, Texas, 78769. This check was mailed on 1–7–83. This check was dated 12–30–82 and was in the amount of $110.10. I am deliberating whether to submit application for widow's pension benefits at this time. I am providing a copy of his certificate of death for VA records. Please advise.

R. at 30. That same month, VA sent a letter with an attached VA Form 21–534. R. at 32. The letter advised the appellant that "[i]t is important that the completed application be returned within 1 year of the date of the veteran's death." *Id.* There is no indication in the record that the application was returned by the appellant.

In October 1991, the appellant once again submitted a VA Form 21–4138. In the space provided for the name of the veteran, the appellant typed "William Randol Patey." The remainder of the statement provided as follows:

> Please re-instate my [DIC (previously called "death pension")] benefits in compliance with Public Law #102–86. I do not have a claim number or a Social Security number for my first husband but I am entitled to this benefit. (Please get this information from Washington, D.C. or whomever would have this information).
>
> My telegram enclosed is from D.C. and the death certificate from my deceased hus-

band who died on December 11, 1982. His death certificate is enclosed.

Thank you in advance for your help in this matter.

R. at 34. The appellant submitted a VA Form 21–534 in January 1992. R. at 36. Her DIC benefits were reinstated in March 1992, with an effective date of November 1, 1991. R. at 43.

A few days after the reinstatement of her benefits, the appellant filed a Notice of Disagreement which stated as follows:

I contend that I should be paid [DIC] back to January 1, 1983 when my second husband, George S. Kluttz, died. That is the date I became eligible for [DIC] under my first husband William Randall Patey. George Kluttz, my second husband was drawing pension at the time of his death. He had applied for pension January 21, 1974 on [VA] Form 21–526. On that form I advised you about my first husband William R. Patey and that he was killed in action (KIA) June 17, 1944. On January 7, 1983 a [VA] Form 21–4138 was sent in under my second husband's name "George S. Kluttz" telling of his death and asking for your help to see if I was eligible. You never responded concerning my first husband, Mr. Patey. I contend this was a material mistake on your part and that I should have received [DIC] back to at least January, 1983. Please send me a Statement of the Case so I can appeal.

R. at 45. A Statement of the Case was issued in April 1992. R. at 47–49. The Appellant filed a VA Form 1–9, Appeal to the BVA, in May 1992 contending that when the VA Form 21–4138 was received in January 1983, VA should have researched Mr. Kluttz's file, discovered that she was eligible for DIC, and notified her of such eligibility. R. at 51–52.

In October 1993, the BVA denied entitlement to an earlier effective date for the award of DIC benefits. The BVA found that although the appellant had advised VA of the death of Mr. Kluttz in January 1983, she did not file an application for death benefits at that time as the veteran's widow based upon the termination of her remarriage. R. at 4. The BVA further found that because an in-

formal claim for reinstatement of death benefits was received in October 1991, and a formal application was thereafter received in January 1992, the date of receipt of the October 1991 claim is the controlling date for effective-date purposes under 38 C.F.R. § 3.400(v)(3) (1993), thus making the effective date no earlier than November 1, 1991. R. at 5.

## II. ANALYSIS

### A. Claim Under 38 C.F.R. § 3.155

■ The appellant argues that the January 1983 VA Form 21–4138 constituted an informal request to reopen her claim for DIC benefits, thus, for effective-date purposes, rendering such communication a claim. The regulation which governs informal claims, 38 C.F.R. § 3.155 (1993), provides:

(a) Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by [VA], from a claimant ... may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

. . . .

(c) When a claim has been filed which meets the requirements of ... [38 C.F.R.] § 3.152 [which requires a specific claim in the form prescribed by the Secretary], an informal request for increase or reopening will be accepted as a claim.

With respect to paragraph (a), even if the January 1983 VA Form 21–4138 met the requirements for an informal claim in that it indicated the appellant's intent to apply for death benefits, that same month, VA forwarded an application (VA Form 21–534) to the appellant for completion, and there is no indication that such application was returned to VA within one year after it was sent. Therefore, a claim cannot be considered to have been filed, pursuant to paragraph (a), as

of the date of receipt of the January 1983 VA Form 21–4138.

Paragraph (c) contemplates two sequential events: first, the filing of a specific claim in the form prescribed by the Secretary; and, second, the making of an informal request. As relevant here, the only filing made by the appellant that might qualify under § 3.152 would be an application filed in connection with the death pension which was terminated upon her remarriage in 1946. Although the record does not contain such an application, we will assume that her award of death pension at some point prior to 1946 was predicated on such. In so assuming, we nevertheless conclude that the January 1983 VA Form 21–4138 could not constitute an informal request to reopen such claim. Nothing contained in that submission could be interpreted as referring to such a previously filed claim. No mention was made of the veteran. No mention was made of any previous receipt of death benefits. And no mention was made of any intention to reopen any previous claim for death benefits. Given its most liberal reading, *see EF v. Derwinski*, 1 Vet.App. 324, 326 (1991), as written, this submission could be interpreted to be no more than an informal request predicated on benefits derivable from Mr. Kluttz's status as a veteran. Therefore, because the January 1983 VA Form 21–4138 was not an informal request to reopen, it may not be "accepted as a claim" under paragraph (c).

### B. Assistance by the Secretary Under 38 U.S.C. § 7722

■ The appellant argues (brief at 3–6), citing *Smith (E.F.) v. Derwinski*, 2 Vet.App. 429 (1992), that the January 1983 VA Form 21–4138 provided enough information for VA to research Mr. Kluttz's file and notify her of her right to reinstatement of DIC benefits pursuant to 38 U.S.C. § 7722, and that such failure, in essence, alternatively tolled the requirement that an application be filed within one year following the date on which the application was sent by VA to the appellant, 38 C.F.R. § 3.155(a), discussed in part A., above, or within one year following the death of Mr. Kluttz, 38 U.S.C. § 5110(*l*), discussed

in part C., below. Section 7722(c), (d) of title 38, U.S.Code, provides:

(c) The Secretary shall distribute full information to eligible veterans and eligible dependents regarding all benefits and services to which they may be entitled under laws administered by [VA]. . . .

. . . .

(d) The Secretary shall provide, to the maximum extent possible, aid and assistance . . . to . . . veterans[ ] and eligible dependents with respect to subsection[ ] . . . (c) and in the preparation and presentation of claims under laws administered by [VA].

In *Smith, supra*, a claimant had filed an application for pension benefits on the grounds that he was permanently and totally disabled. VA did not advise the claimant, as the Court decided it should have, that if he applied for retroactive pension benefits within one year after the date on which he became permanently and totally disabled, the effective date of the award would be the date of such disablement. *See* 38 U.S.C. § 5110(b)(3)(A). The Court stated:

[T]he plain language of [38 U.S.C. § 7722(d) ] manifests an explicit congressional intent to create at least one duty owed by the VA to veterans as individuals. (This duty is not unlimited in scope, however, and requires of the VA only those actions which are reasonable under the circumstances involved. . . .)

. . . .

In order to determine whether the VA violated this duty, the phrase "maximum extent possible" must be read in terms of that action reasonably possible under the circumstances. While it is unnecessary to determine the precise scope of this language in every case, we hold that in this particular case, the VA failed to take reasonable action to fulfill its duty under § 7722(d).

2 Vet.App. at 431–32.

In *Morris v. Derwinski*, 1 Vet.App. 260, 264–65 (1991), the Court, after noting that 38 U.S.C. § 241 (now § 7722) placed an affirmative duty on the Secretary to assist claimants in understanding how to file for benefits and

what evidence is required, held that where a claimant had filed a claim and VA had notified him that additional evidence needed to be submitted in order to adjudicate his claim, the Secretary had properly discharged his duty, and that, therefore, the claimant's failure to respond constituted an abandonment of his claim. In so holding, the Court noted:

> The appellant was on notice of what was expected of him and he failed to respond. This is not a case in which the VA refused to consider entitlement but an instance in which a claimant failed to perfect a ripe claim.

1 Vet.App. at 265.

In this case, the appellant informed VA in January 1983 that she was contemplating filing a claim for "widow's pension benefits," and VA forwarded to her a VA Form 21–534. In a letter accompanying the form, VA advised the appellant that it was important that the completed application be returned within one year after the date of Mr. Kluttz's death. The Court particularly notes that on the application form used in 1983 (and the one presently in use), there are blanks for prior marriages and for prior claims that have been filed with VA. Therefore, had the appellant completed the application correctly, even using Mr. Kluttz's name, VA would have been on notice that she had previously been receiving death benefits predicated on her marriage to and the death of the veteran, and that she was eligible for reinstatement of such benefits. Under these circumstances, VA could not reasonably have done more. (In 1983, section 103(d)(2) of title 38, U.S.Code, provided for reinstatement of DIC benefits upon the termination of a remarriage by death or divorce. That provision was repealed by the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 8004(a)(1)(B), 104 Stat. 1388–343 (1990). The Veterans' Benefits Programs Improvement Act of 1991, Pub.L. No. 102–86, § 502, 105 Stat. 424 (1991), provided that the amendments made by § 8004 of Pub.L. No. 101–508 would not apply to any individual who was a surviving spouse within the meaning of title 38, U.S.Code, on October 31, 1990, unless after that date such person married or began to live with another person while hold-ing himself/herself out to be that person's spouse.) As in *Morris, supra*, VA sent the appellant the needed information, and she failed to respond. Therefore, the Court concludes that, on the facts of this case, the sending of the application by VA met the requirements of *Morris*, 1 Vet.App. at 264–65, and was "that action reasonably possible under the circumstances" under *Smith*, 2 Vet.App. at 432. Thus, because no duty has been violated by the Secretary, the Court will not reach the issue of tolling.

### C. Effective Date

Section 5110(a), (*l*) of title 38, U.S.Code, provides:

> (a) Unless specifically provided otherwise in this chapter, the effective date of an award base on an original claim, a claim reopened after a final adjudication, or a claim for increase, of ... [DIC] ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.
>
> . . . .
>
> (*l*) The effective date of an award of benefits to a surviving spouse based upon a termination of a remarriage by death ... shall be the date of death ... if an application therefor is received within one year from such termination [of remarriage].

*See also* 38 C.F.R. § 3.400, 3.400(v)(3) (1993). The application contemplated by § 5110(a), (*l*) is that required under 38 U.S.C. § 5101(a), which provides that "[a] specific claim in the form prescribed by the Secretary ... must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." *See McTighe v. Brown*, 7 Vet.App. 29, 30 (1994); *Crawford v. Brown*, 5 Vet.App. 33, 35 (1993); *Wells v. Principi*, 3 Vet.App. 307, 309 (1992).

■ The appellant argues that the regulation (38 C.F.R. § 3.400(v)(3)) implementing 38 U.S.C. § 5110(*l*) is applicable in this case. However, because, as concluded in part A., above, no application was received within one year of Mr. Kluttz's death, the exception embodied in 38 U.S.C. § 5110(*l*) does not apply. Therefore, the effective date is gov-

erned by 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.155(a), *supra.*

VA received an informal request by the appellant for reinstatement of her DIC benefits in October 1991. That request constituted an informal claim under 38 C.F.R. § 3.155(a). A VA Form 21–534 was received by VA in January 1992. Under § 3.155(a), because this application was received within a few months after the date of her informal claim, the BVA properly concluded that the appellant's claim was considered to be filed as of the date of receipt of her informal claim in October 1991, thus making November 1, 1991, the earliest possible effective date for payment of retroactive DIC benefits. *See* 38 U.S.C. § 5110(a); 38 U.S.C. § 5111 (payment of monetary benefits based on an award of DIC may not be made before the first day of the calendar month following the month in which the award became effective under 38 U.S.C. § 5110).

### III. CONCLUSION

Upon consideration of the record, the briefs of the parties, and the foregoing analysis, the Court holds that the appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The October 21, 1993, BVA decision is AFFIRMED.