**Richard E. FLESHMAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–902.

United States Court of Veterans Appeals.

Nov. 22, 1996.

Stephen F. Smith, Miami, FL, was on the brief for the appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Peter M. Donawick, Washington, DC, were on the brief for appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

IVERS, Judge:

The appellant appeals from a June 23, 1994, Board of Veterans' Appeals (BVA or Board) decision which denied a rating greater than 20% and an earlier effective date for residuals of a fracture to the lumbar spine. The Court sua sponte vacates its September 30, 1996, opinion, and issues this opinion in its stead. For the reasons stated below the Court will affirm in part and vacate and remand in part.

## I. FACTS

The appellant served on active duty in the U.S. Army from October 1984 to October 1987. Record (R.) at 15. On May 24, 1986, the appellant fell approximately 20 feet, landed on his buttocks and lower back, and sustained a compression fracture in the lumbar region of the spine at L–3 and a fracture of the right distal fibula. R. at 29–49, 66–93. The lumbar portion of the back is located between the chest and the pelvis. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 961, 1705 (28th ed. 1994) [hereinafter DORLAND'S]. The fibula is the outer and smaller of the two bones of the lower leg. *Id.* at 629.

In October 1987 the appellant submitted his claim for compensation for his back injury. R. at 51–52. The appellant did not date, sign, or give his mailing address on the claim form. R. at 52. In November 1987 VA sent the appellant a form letter requesting further information. The letter included an "X" next to the following paragraphs:

1. The evidence requested below should be submitted as soon as possible, preferably within 60 days, and in any case it must be received in the VA within one year from the date of this letter; otherwise benefits, if established, may not be paid prior to the date of its receipt.

. . . .

b. Please complete all items checked in red on the enclosed form(s) and return it to this office.

R. at 54. Checkmarks were placed next to the boxes for the date, the claimant's signature, and the claimant's mailing address on the claim form. R. at 56. The form was never returned to VA.

In January 1992 the appellant submitted an application for compensation or pension for "L3 fracture, compressed vertebra—50% [and] fracture of the right leg with adjunct left knee complications—1986." Supplemental (Suppl.) R. at 2–5. This application contained the appellant's signature, mailing address, and the date. R. at 2, 5.

In March 1992 the appellant underwent a physical examination administered by Lee R. Weiss, M.D. R. at 96–103. The examination revealed that there was tenderness at the waistline at or around L–3. "There is some limitation and range of motion to the lumbar spine on flexion forward, he flexes to approximately 75–80 degrees. On extension backward to 30 degrees, lateral flexion 40 degrees, rotation 35 degrees." R. at 96. The impression was (1) low back pain, status post compression fracture of L–3, with no evidence of radiculopathy or neurologic compromise; (2) status post fracture of the right fibula; and (3) left knee pain, unknown etiology. R. at 97. Radiculopathy is a disease of the nerve roots. DORLAND's at 1404. Dr. Weiss reported that there was no swelling or deformity to the back, the right ankle, or the left knee. R. at 98. He also determined that no postural abnormalities nor fixed deformities were noted, that the musculature of the back was normal, and that the appellant's cranial nerves, motor, deep tendon reflexes, sensory examination, plantar reflex, gait, and cerebellar examination were all normal. R. at 100.

In a June 24, 1992, rating decision, the regional office (RO) granted service connection for the appellant's lumbar spine injury with compression fracture at L–3, rated 20% disabling, and for his right fibula fracture, rated 0% disabling, both effective January 30, 1992, for a combined disability rating of 20%. R. at 109. Service connection for a left knee condition was denied. *Ibid.*

The appellant filed a Notice of Disagreement in July 1992 and a Statement of the Case was issued. R. at 114, 117–20. The appellant filed a VA Form 1–9, Appeal to the Board of Veterans' Appeals. R. at 127–28. In June 1993 the appellant submitted a statement which revealed that he was medically unsuitable for a mail processor position with the U.S. Postal Service because of his back condition. R. at 144–45. Several congressional inquiries were also received by VA. R. at 150–61, 163–69.

On June 23, 1994, the BVA rendered the decision currently on appeal. R. at 3–10. The Board found in relevant part: (1) that the appellant had a history of chronic lumbar spine pain, with limitation of motion, which was not currently shown to be more than slightly debilitating; (2) that neither an exceptional nor unusual disability picture was presented to render impractical the application of the regular schedular standards; (3) that the appellant filed an incomplete claim form for disability benefits in October 1987, which was returned with a request for additional information so that his claim could be processed, and that because the form was never returned to the RO, the appellant's claim could not be processed; and (4) that on January 30, 1992, the RO received a completed application for service connection for disabilities of the back and lower extremities. R. at 5. The BVA concluded that the criteria for an evaluation greater than 20% for the residuals of a fracture to the lumbar spine with a compression fracture at L–3 had not been met. The Board also determined that the criteria for an earlier effective date for a 20% schedular rating for the residuals of a compression fracture to the lumbar spine at L–3 had not been met. *Ibid.*

## II. ANALYSIS

### A.

■ The appellant argues that he is entitled to an effective date of October 1987 for his back injury, the date he initially submitted an application for compensation. "[T]he effective date of an award based on an original claim ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). If the original claim is received within one year from the date of release or discharge from active service, the effective date for an award of disability compensation will be the day following the date of discharge or release from active service. 38 U.S.C. § 5110(b); 38 C.F.R.

§ 3.400(b) (1995). The effective date is the date of receipt of the claim or the date the entitlement arose, whichever is later. *Gonzales–Soto v. Principi*, 3 Vet.App. 330, 332 (1992) *recons. den.*, 3 Vet.App. 527 (1992); *Godfrey v. Derwinski*, 2 Vet.App. 352, 356 (1992); 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(b)(2). The Court reviews the issue of an earlier effective date under the "clearly erroneous" standard of review. *Hanson v. Brown*, 9 Vet.App. 29, 32 (1996); *Scott v. Brown*, 7 Vet.App. 184 (1994); *Quarles v. Derwinski*, 3 Vet.App. 129 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). "[I]f there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Gilbert*, 1 Vet.App. at 53.

Pursuant to 38 U.S.C. § 5101(a), "A specific claim in the form prescribed by the Secretary ... must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." *See also* 38 C.F.R. § 3.151(a) (1995).

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant ... may be considered an informal claim. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant *for execution*. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

38 C.F.R. § 3.155(a) (1995) (emphasis added). The execution requirement is significant. The specific language preceding the signature line on the application states:

I CERTIFY that the foregoing statements are true and complete to the best of my knowledge and belief. I consent that any physician, surgeon, dentist or hospital that has treated me or examined me for any purpose or that I have consulted professionally, may furnish to the Veterans Administration any information concerning myself and I waive any privilege which renders such information confidential.

R. at 56. The requisite certification is an essential element of the form prescribed by the Secretary and affords evidentiary significance to the statements contained on the application and serves as a release to allow VA to obtain the appellant's medical records.

As noted above, benefits, by statute and regulation, can be paid only if the claimant files the specific form prescribed by the Secretary. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a).

Under 38 U.S.C. § 5103(a), the Secretary is obligated to notify a claimant if an application for benefits is not complete. If the claimant fails to submit the evidence necessary to complete the application within one year of such notification, the Secretary is then, but only then, permitted to refrain from awarding benefits.

*Isenhart v. Derwinski*, 3 Vet.App. 177, 179 (1992).

■ The appellant's unexecuted claim form was an informal claim and would not have been in the form prescribed by the Secretary until he returned it with the requested information. *See* 38 C.F.R. § 3.155(a); *Kluttz v. Brown*, 7 Vet.App. 304, 306–07 (1994). The appellant was adequately notified regarding what information was needed to complete the application form when the form was returned to him. The appellant was required only to return the form within one year of the request with his signature, mailing address, and the date in order to begin the claims process. Had the appellant completed the form, his application would have been deemed a formal claim filed in October 1987. By returning the form and enclosing the letter, which clearly dictated what was necessary for his application to be complete for VA purposes, VA complied with the applicable statute and regulation. The Court notes that the appellant has never stated that he did not receive the notification letter from VA. Because the appellant failed to comply with the Secretary's requirements within one year from the date of the Secretary's notification, the informal claim never became a claim in the form prescribed by the Secretary. To the extent that the BVA's analysis is inconsistent with this decision, it is nonprejudicial error. *See* 38 U.S.C.

§ 7261(b); *Kenoskie v. Derwinski*, 2 Vet. App. 31, 34 (1991). For these reasons, the appellant is not entitled to an effective date earlier than January 30, 1992, the date he submitted his formal claim, and the Court will affirm the Board's decision regarding this issue. *See* 38 U.S.C. § 5110(a).

### B.

▆ The Court reviews the Board's findings of fact under the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *Booton v. Brown*, 8 Vet.App. 368, 372 (1995); *Cox v. Brown*, 6 Vet.App. 459, 460 (1994); *Butts v. Brown*, 5 Vet.App. 532, 535 (1993) (en banc). The finding as to the degree of impairment resulting from a disability is a question of fact. *See Francisco v. Brown*, 7 Vet.App. 55, 57 (1994); *Solomon v. Brown*, 6 Vet.App. 396, 402 (1994). "[U]nder the 'clearly erroneous' rule this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53.

▆ Upon submission of a well-grounded claim, as this is, the burden is on the Secretary to assist the veteran in developing "*all* relevant facts, not just those for or against the claim," *Ivey v. Derwinski*, 2 Vet. App. 320, 322 (1992), and "to seek *medical evidence* either to verify or not verify the claim." *Obert v. Brown*, 5 Vet.App. 30, 33 (1993) (emphasis in original); *see also Solomon*, 6 Vet.App. at 401; *Talley v. Brown*, 6 Vet.App. 72, 74 (1993). The duty to assist may include the duty to seek pertinent private medical records. *Allday v. Brown*, 7 Vet.App. 517, 526 (1995); *Masors v. Derwinski*, 2 Vet.App. 181, 186–87 (1992).

▆ In this case, there is information in the record sufficient to put the Secretary on notice of the existence of competent medical evidence that would, if true, be relevant and necessary for a full and fair adjudication of the claim. *Robinette v. Brown*, 8 Vet.App. 69, 77 (1995). Specifically, a letter to the appellant from the U.S. Postal Service stated, "You have been found medically unsuitable for a position of Mail Processor. A re-view of your medical records and evaluation by Gary Whitacre, M.D. revealed a history of back pain." R. at 144. It does not appear from the record that the Secretary requested these records and therefore, because the statutory duty to assist was not fulfilled, a remand is required.

### C.

▆ The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record, including its denial of any assistance specifically sought by the claimant. 38 U.S.C. § 7104(d)(1); *Allday*, 7 Vet.App. at 527. The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review by this Court. *Allday, supra; Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992); *Gilbert*, 1 Vet.App. at 57. To meet this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive and unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the veteran. *Shipwash v. Brown*, 8 Vet.App. 218, 223 (1995); *Allday, supra*.

▆ The appellant argues that an extraschedular evaluation was required. In this case, the BVA addressed this issue as follows:

> Consideration has also been given to the potential application of the extraschedular evaluation provisions of 38 C.F.R. § 3.321(b) (1993). The evidence does not present such an exceptional or unusual disability picture as to render impractical the application of the regular schedular standards. Specifically, there has not been a demonstration of marked interference with employment or frequent periods of hospitalization so as to render impractical the application of the regular schedular criteria.

R. at 7. The Board has not offered anything in support of its statement which would identify those findings which it finds important to its decision, nor does it account for the evi-

dence which it finds persuasive or unpersuasive. The Board has simply provided a "bare conclusory statement, without ... supporting analysis and explanation." *Watson v. Brown,* 4 Vet.App. 309, 315 (1993) (citing *Gilbert, supra* ). In addition, by failing to obtain the postal medical records and Dr. Whitacre's records, the Board could not and did not discuss Dr. Whitacre's opinion, the reasons the appellant was found to be unacceptable for employment with the U.S. Postal Service, and their relevancy, if any, to the claim for an extra-schedular rating. Therefore, the Court finds the Board's statement of the reasons or bases for its June 23, 1994, BVA decision inadequate under 38 U.S.C. § 7104(d)(1). *See Bagwell v. Brown,* 9 Vet. App. 337 (1996).

### III.  CONCLUSION

For the reasons stated above, the BVA's June 23, 1994, decision is AFFIRMED in part and VACATED and REMANDED in part.

KRAMER, Judge, concurring:

The appellant's unexecuted claim cannot provide the basis for an earlier effective date on at least one, and perhaps two, other bases. First, because the appellant never returned the application form forwarded to him for execution, he is not entitled under 38 C.F.R. § 3.155(a) (1995) to the filing date of the unexecuted claim. Second, assuming that because a claim is unexecuted it is missing requisite evidence, the appellant's claim was incomplete under 38 U.S.C. § 5103(a) and *Isenhart v. Derwinski,* 3 Vet.App. 177 (1992). Because the appellant was notified of such missing evidence, his failure to provide it within one year precludes the award of an earlier effective date. Third, again assuming that because a claim is unexecuted it is missing requisite evidence, the appellant's failure to provide the missing evidence within one year after being requested to do so resulted in an abandoned claim under 38 C.F.R. § 3.158(a) (1995), a circumstance which cannot give rise to an earlier effective date.