**Richard E. FLESHMAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–902.

United States Court of Veterans Appeals.

Jan. 14, 1997.

As Amended Jan. 21, 1997.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, and STEINBERG, Judges.

**ORDER**

*Note: Pursuant to U.S. Vet.App R. 28(i), this action may not be cited as precedent.*

A panel of the Court affirmed the Board of Veterans' Appeals decision on appeal. *See Fleshman v. Brown,* 9 Vet.App. 548 (1996). On December 19, 1996, the appellant filed what has been construed as a timely motion for review by the Court en banc.

Upon consideration of the foregoing, the record on appeal, and the appellant's motion for review en banc, and it not appearing that review en banc is necessary either to address a question of exceptional importance to the administration of laws affecting veterans' benefits or to secure or maintain uniformity of the Court's decisions, it is by the full Court

ORDERED that the judgment entered December 16, 1996, is recalled. It is further

ORDERED that the appellant's motion for review by the Court en banc is DENIED.

STEINBERG, Judge, concurring:

I voted to deny en banc review but believe that the pro bono counsel for the appellant has performed meritorious service by filing his October 15, 1996, petition for reconsideration. The Court's subsequent replacement opinion, issued on November 22, 1996, has rendered moot all of the appellant's concerns save two.

As to the question of whether the Department of Veterans Affairs (VA) breached a duty to assist that might have arisen even as to an incomplete claim that was well grounded (assuming that is possible), even if VA had proceeded to adjudicate, as the appellant contends it should have, the informal claim presented in the incomplete application, VA would have been without authority to have awarded an earlier effective date because the signed form did not arrive within the one-year period then prescribed in law and regulation for the appellant to complete the appli-

cation. *See* 38 U.S.C. § 3003(a) (1986 Suppl.), 38 C.F.R. § 3.155(a) (1986). Hence, even if there were a duty-to-assist violation of some sort, it would have been an error nonprejudicial to the appellant. *See* 38 U.S.C. § 7261(b) ("Court shall take due account of the rule of prejudicial error"); *Yabut v. Brown,* 6 Vet.App. 79, 83 (1993); *Godwin v. Derwinski,* 1 Vet.App. 419, 427 (1991).

Second, as to the appellant's argument based on *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947), the point of law on which he relies was first articulated in an earlier iteration of that case in the following terms:

> Like considerations [considerations like those that bar appellate courts from making determinations of fact committed to the jury] govern review of administrative orders. If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.

*SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). I see no basis for concluding that application of 38 U.S.C. § 5103(a) was a matter "exclusively entrusted to" the Board of Veterans' Appeals. *See Koyo Seiko Co., Ltd. v. United States,* 95 F.3d 1094, 1099–1102 (Fed.Cir. 1994) (finding *Chenery* inapplicable, and approving judicial affirmance of administrative action on an alternate ground, where that ground—a matter of statutory construction—was not a matter solely committed to agency discretion). The other cases cited by the appellant as to this point, *Southern Pacific Transp. Co. v. I.C.C.,* 69 F.3d 583, 588 (D.C.Cir.1995), and *Florida Power & Light Co. v. F.E.R.C.,* 85 F.3d 684, 689 (D.C.Cir. 1996), as the parenthetical quotations in the petition show (Petition at 12), relate to restrictions on arguments that the agency may make in defending regulatory actions, not on the grounds the Court may set forth in reliance upon "the settled rule", noted in the first *Chenery* opinion, that "in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason[,]' *Helvering v. Gowran,* 302 U.S. 238, 245 ... [58 S.Ct. 154, 158, 82 L.Ed. 224 (1937) ] ... [, if the correct ground or reason is] within the power of the appellate court to formulate." *Chenery, supra.*

Accordingly, there is no basis at this point for further consideration of this case by the Court.