# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-40

EDGAR O. THOMAS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   July 11, 2002     )

*James W. Stanley, Jr.*, of North Little Rock, Arkansas, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Acting Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Kate Gorney*, all of Washington, D.C., were on the brief for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges.*

KRAMER, *Chief Judge*:   The appellant, Edgar O. Thomas, appeals through counsel a November 22, 2000, Board of Veterans' Appeals (BVA or Board) decision that denied an effective date earlier than May 27, 1998, for an award of a 10% disability rating for tinnitus.  Record (R.) at 6.  The appellant has filed a brief, and the Secretary has filed a brief.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will vacate the BVA decision and remand the matter.

## I. FACTS

The appellant had active service in the U.S. Army from May 1976 to January 1983.  R. at 9, 11.  In June 1983, the appellant filed an application for compensation or pension for, inter alia, hearing loss.  R. at 80-81.  A September 1983 VA audiometric examination report reflected some hearing loss in each ear, and the examiner remarked that the appellant's hearing was within the normal hearing range.  R. at 88.  In an October 1983 VA medical report, based on a September 1983

examination of the appellant, the examiner noted that the appellant felt that he had some hearing loss and had "occasional tinnitus. . . . mostly in the right ear." R. at 90. Based on the appellant's statements recorded in that October 1983 VA medical report, a VA regional office (RO) in October 1983, inter alia, awarded service connection for tinnitus and assigned a noncompensable rating, effective January 31, 1983. R. at 97-98.

In a letter, received by the RO on October 2, 1995, the appellant stated in part:

I am zero (0) percent service connected for [t]innitus . . . . My ears ring and hum constantly. They have progressively gotten more and more severe. In order for me to sleep at night I have [to] play music at a low tone in o[r]der to drown out the ringing. My ears ringing is a 24 hour problem. It worries . . . me.

R. at 104. On October 13, 1995, the RO responded as follows to the appellant's letter:

Please furnish the evidence described below as soon as possible so that further action may be taken on your claim for increased VA benefits.

You will need to sign your name on the attached statement submitted by you so that we may consider your claim valid.

This evidence should be submitted as soon as possible, preferably within 60 days and in any case it must be received in [VA] within one year from the date of this letter; otherwise, benefits, if entitlement is established, may not be paid prior to the date of its receipt. . . .

R. at 106. In a May 19, 1998, letter, received by the RO on May 27, 1998, the appellant's attorney requested on the appellant's behalf an increased rating for, inter alia, tinnitus. R. at 112. In a July 1998 organic hearing loss examination report, the examiner noted in regard to tinnitus:

[The appellant] reports a constant bilateral high[-]pitched humming and cricket[-]type tinnitus that started while he was on active duty and has persiste[d] since then. He believes the tinnitus is the result of exposure to noise. He judged the tinnitus as a mo[]derate annoyance. The complaint of tinnitus is subjective and cannot be confirmed using clinical measures. Tinnitus is a symptom, not a disease. While tinnitus is commonly associated with damage to the ear from exposure to high noise levels, it may also be secondary to problems not associated with the ear. Based upon the patient's subjective account of the onset and the etiology of the tinnitus, it is just as likely as not that the tinnitus is related to noise exposure during active military service.

R. at 117.

2

On September 24, 1998, the appellant testified under oath at a hearing before the RO that the ringing in his ears was constant, that it had been "going on" since his military service, and that it bothered him to some extent at work but was worse when it was quiet, such as when he was trying to sleep. R. at 126-27. The next day, the RO increased, effective May 27, 1998, the appellant's tinnitus rating to 10%, the maximum allowed under 38 C.F.R. § 4.87a, Diagnostic Code 6260 (1998); the RO stated:

> The evaluation of tinnitus is increased to 10[%] disabling effective May 27, 1998. An evaluation of 10[%] is granted if the record shows persistent tinnitus as a symptom of head injury, concussion, or acoustic trauma. VA examination shows veteran complained of a constant ringing in his ears. Veteran testified at his hearing that he has a constant ring, buzzing in his ears and it is most bothersome at night when he tries to sleep. Veteran stated he will play his radio at night so there will be some back[]ground noise to help him sleep.

R. at 121-23. The appellant filed a Notice of Disagreement as to the May 1998 effective date and argued that that date should be in 1995, when he had filed an informal claim. R. at 139. The RO issued a Statement of the Case (R. at 141-48), and the appellant filed a Substantive Appeal to the Board, in which he again argued that his effective date should be in 1995, when he had filed an informal claim (R. at 150-51). On July 27, 2000, the appellant testified under oath before the Board that when he submitted his October 2, 1995, letter his tinnitus had become worse and he was having trouble sleeping; that he had mentioned his worsening tinnitus problems to VA physicians at various times between 1985 and 1993; that he had written specifically to his VA physician in 1995 about his sleeping problems due to tinnitus; and that the RO should have known that he was treated at a VA medical center (VAMC) because he had been going there since he had been discharged. R. at 155-61. The appellant also testified that he had received a letter from VA in October 1995 but that he did not remember what it was about. R. at 160. He also testified that he could not remember having discussed his tinnitus with a VA physician between 1995 and 1998. R. at 161.

In the BVA decision here on appeal, the Board found that the October 1995 letter "was [an] informal claim for increased evaluation for tinnitus." R. at 5. The Board also found that the RO advised the appellant that his signature was required on his letter in order to validate the claim and that neither the signed letter nor a formal application for compensation or pension form was received by VA within one year after the October 1995 letter. R. at 2. The Board concluded that, "absent

3

evidence of a prior informal claim followed by a completed application within one year of the informal claim, there is no legal basis upon which the Board may establish an effective date for an increased evaluation for tinnitus prior to May 27, 1998." R. at 5.

## II. ANALYSIS

Section 5110(a), title 38, United States Code, provides that, "[u]nless specifically provided otherwise in this chapter, the effective date of . . . a claim for increase[] of compensation . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." Section 5110(b)(2), title 38, United States Code, specifically provides otherwise by stating that "[t]he effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date." Section 3.400(o) of title 38, Code of Federal Regulations, which implements section 5110(b)(2), provides for effective dates as follows:

> *Increases* (38 U.S.C. [§§] 5110(a) and 5110(b)(2), . . .)--(1) *General*. Except as provided in paragraph (o)(2) of this section . . . , date of receipt of claim or date entitlement arose, whichever is later. . . .
>
> (2) *Disability compensation*. Earliest date as of which it is factually ascertainable that an increase in disability had occurred if claim is received within 1 year from such date[;] otherwise, date of receipt of claim.

38 C.F.R. § 3.400(o)(1), (2) (2001).

In the instant case, the Board specifically found that the appellant's October 2, 1995, letter was an informal claim as to an increased rating for tinnitus. R. at 5; *see Fleshman v. Brown*, 9 Vet.App. 548, 551 (1996), *aff'd*, 138 F.3d 1429 (Fed. Cir. 1998) (holding that "unexecuted claim form was an informal claim"). In determining the date of the claim for an increased rating for tinnitus, the Board concluded that the appellant was required to have filed, following the filing of his October 2, 1995, informal claim (R. at 5, 104), a formal claim within one year after receipt of the RO's October 13, 1995, notification (R. at 106) of the appropriate application form for a formal claim (R. at 5). *See* 38 C.F.R. § 3.155(a) (2001); *Fleshman*, 9 Vet.App. at 551. The pertinent parts of 38 C.F.R. § 3.155, which addresses VA acceptance of informal claims, provide:

4

(a) Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant . . . may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

. . . .

(c) When a claim has been filed which meets the requirements of [38 C.F.R. § ]3.151 or [38 C.F.R. § ]3.152, an informal request for increase or reopening will be accepted as a claim.

38 C.F.R. § 3.155. By concluding that the appellant was required to file an additional item, the Board implicitly found that the appellant had not filed previously a formal tinnitus claim that met the requirements of § 3.151.

Regarding the filing of a formal claim, because the RO awarded service connection for tinnitus (R. at 97-98), it must have concluded that the appellant had filed a claim for service connection for tinnitus. *See* 38 U.S.C. § 5101(a) ("specific claim in the form prescribed by the Secretary . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary"); 38 C.F.R. § 3.151(a) (2001) (same). Thus, it would be arbitrary for VA later to conclude that the appellant had not filed an appropriate claim as to tinnitus (for purposes of assigning an effective date). *See Bailey v. Derwinski*, 1 Vet.App. 441, 446 (1991) (holding that BVA decision must be reversed because inconsistent VA fact finding was reached in "arbitrary and capricious" manner in violation of 38 U.S.C. § 7261(a)(3)(A)). Therefore, the Court will reverse the Board's implicit determination that the appellant had not filed such a claim. *See Bailey*, 1 Vet.App. at 445.

Accordingly, the Board must consider § 3.155(c) in regard to this claim, *see Norris v. West*, 12 Vet.App. 413, 421 (1999) (holding that, where veteran has filed formal claim pursuant to §§ 3.151 or 3.152, § 3.155(c) "*mandates* that the Secretary accept an informal request for a rating increase 'as a claim'; the Secretary *cannot* require the veteran to take any additional action in order to perfect that 'claim'"), and the Court will therefore remand for readjudication in light of § 3.155(c) and *Norris*, 12 Vet.App. at 421. On remand, the Board also must make findings as to the "date

entitlement arose," 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o)(1), and the "[e]arliest date as of which it is factually ascertainable that an increase in disability had occurred" if the application or claim is received within one year after such date, 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). In this regard, the Board should obtain the relevant VAMC records that the appellant has identified (R. at 155-59). *See* 66 Fed. Reg. 45,620, 45,631 (2001) (to be codified at 38 C.F.R. § 3.159(c)(3)) ("VA will make efforts to obtain the claimant's . . . VA medical records . . . . [where t]he claimant [has] provide[d] enough information to identify and locate the existing records"). The appellant will be free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order); *see also Quartuccio v. Principi*, __ Vet.App. __, __, No. 01-997, slip op. at 6-7 (June 19, 2002) (applying duty to notify under 38 U.S.C. § 5103(a), *amended by* the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2096-97 (Nov. 9, 2000), and 66 Fed. Reg. at 45,630 (to be codified at 38 C.F.R. § 3.159(b))). The Board shall proceed expeditiously, in accordance with section 302 of the Veterans' Benefits Improvement Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by Board or Court).

### III. CONCLUSION

Upon consideration of the above, the November 22, 2000, BVA decision is VACATED and that matter is REMANDED for proceedings consistent with this opinion.