Citation Nr: 1706049 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 10-13 812A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent for residuals of a gunshot wound (GSW) to the right index finger, web space, and thumb with nerve damage (nerve damage of the right hand/thumb).

2. Entitlement to an effective date earlier than August 25, 2008, for the grant of a 10 percent rating for nerve damage of the right hand/thumb.


ATTORNEY FOR THE BOARD

K. M. Georgiev, Associate Counsel







INTRODUCTION

The Veteran served on active duty from December 1977 to December 1980. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of December 2008 and January 2009 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Togus, Maine, and Cleveland, Ohio, respectively. Jurisdiction of the Veteran's claims file is currently at the Cleveland RO. 

In the December 2008 rating decision, the RO granted a 10 percent rating for the Veteran's nerve damage of the right hand/thumb, effective August 25, 2008. The Veteran appealed both the rating assigned and the effective date of the assignment.

The Board remanded this matter in May 2016. As a VA examination has been conducted and records obtained, remand instructions are complete. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand instructions).

The Board notes that the Veteran is already in receipt of TDIU benefits from January 2012 to present and further, the evidence does not suggest the Veteran is unable to work due to his right hand disability prior to January 2012; as such, entitlement to TDIU is not raised. Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court held that a claim for a total rating based on unemployability due to service-connected disability (TDIU),


FINDINGS OF FACT

1. The service-connected nerve damage of the right hand/thumb is appropriately contemplated as mild, incomplete paralysis of the median nerve for the pendency of the appeal period.

2. Evidence of record does not contain any earlier formal or informal increased rating claim filed with the RO prior to August 25, 2008.


CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 10 percent for the service-connected nerve damage of the right hand/thumb have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 4.124a, DC 8515, 8615, 8715 (2016).

2. The criteria for an effective date prior to August 25, 2008, for the award of an increased rating for nerve damage of the right hand/thumb, is not met. 38 U.S.C.A. §§ 5107, 5110 (West 2014); 38 C.F.R. §§ 3.102, 3.400 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

September 2008, April 2010, and July 2010 letters provided proper notice with regard to the claims on appeal. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). 

The Board also concludes that VA's duty to assist has been satisfied. The Veteran's service treatment records and VA medical records are in the Veteran's claim file. Private medical records identified by the Veteran have been obtained, to the extent possible. The Veteran has not referenced outstanding records that he wanted VA to obtain or that he felt were relevant to the claim.

The United States Court of Appeals for Veterans Claims (Court) has also held that VA's statutory duty to assist the Veteran includes the duty to conduct a thorough and contemporaneous examination so that the evaluation of the claimed disability will be a fully informed one. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991). Where the evidence of record does not reflect the current state of the Veteran's disability, a VA examination must be conducted. Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a) (2014).

In this case, VA examinations were conducted in October 2008, August 2010, December 2012, September 2015, and June 2016. The Board finds the examination reports, when considered together, to be sufficient upon which to base a decision with regard to this claim. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate). These examinations, along with the remaining evidence of record, contain sufficient findings to rate the Veteran's service-connected disability under the appropriate diagnostic criteria. 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Increased Rating

Legal Criteria

Disability evaluations are determined by the application of a schedule of ratings that is based on average impairment of earning capacity. 38 U.S.C.A. § 1155 (West 2014). Percentage evaluations are determined by comparing the manifestations of a particular disorder with the requirements contained in the VA's Schedule for Rating 

Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2016). The percentage ratings contained in the Rating Schedule represent, as far as can practically be determined, the average impairment in earning capacity resulting from such disease or injury and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1 (2016). VA has a duty to acknowledge and consider all regulations which are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusion. Schafrath, 1 Vet. App. at 589.

The degree of impairment resulting from a disability is a factual determination and generally the Board's primary focus in such cases is upon the current severity of the disability. Francisco v. Brown, 7 Vet. App. 55, 57-58 (1994); Solomon v. Brown, 6 Vet. App. 396, 402 (1994). Staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007). There is no evidence to support the finding of a staged rating in this case, as the medical evidence of symptomatology has remained stable throughout the appeal.

The Veteran seeks a disability rating in excess of 10 percent for the nerve damage to his right hand/thumb caused by a GSW in service. 

The Veteran's right hand disability is rated under DCs 5299 for musculoskeletal disabilities and 8615 for nerve damage. The use of "99" denotes an unlisted disability (unlisted disabilities rated by analogy are coded first by the numbers of the most closely related body part and then "99"). 38 C.F.R. §§ 4.20, 4.27.

For the musculoskeletal system hand and finger disabilities, ratings are assigned based on ankylosis and limitation of motion of single or multiple hand digits. 38 C.F.R. § 4.71a, DCs 5216-5230.

Rating factors for a disability of the musculoskeletal system includes functional loss due to pain supported by adequate pathology and evidenced by visible behavior of the claimant undertaking the motion, weakness, excess fatigability, incoordination, pain on movement, swelling, or atrophy. 38 C.F.R. §§ 4.40, 4.45; DeLuca v. Brown, 8 Vet. App. 202 (1995). 

In evaluating musculoskeletal disabilities, VA must determine whether pain could significantly limit functional ability during flare-ups, or when the joints are used repeatedly over a period of time. See DeLuca, 8 Vet. App. at 206. 

Under 38 C.F.R. § 4.59, painful motion is a factor to be considered with any form of arthritis; however 38 C.F.R. § 4.59 is not limited to disabilities involving arthritis. See Burton v. Shinseki, 25 Vet. App. 1 (2011). The Court also has held, that "pain itself does not rise to the level of functional loss as contemplated by VA regulations applicable to the musculoskeletal system." Mitchell v. Shinseki, 25 Vet. App. 32, 38 (2011). Rather, pain may result in functional loss, but only if it limits the ability "to perform the normal working movements of the body with normal excursion, strength, speed, coordination [, or] endurance." Id. 

The median nerve, implicated in the Veteran's case, is addressed by DC 8515, as well as DC 8615 for neuritis and DC 8715 for neuralgia. For the dominant hand, complete paralysis, as in the hand inclined to the ulnar side, the index and middle fingers more extended than normally, considerable atrophy of the muscles of the thenar eminence, the thumb in the plane of the hand (ape hand); pronation incomplete and defective, absence of flexion of index finger and feeble flexion of middle finger, cannot make a fist, index and middle fingers remain extended; cannot flex distal phalanx of thumb, defective opposition and abduction of the thumb, at right angles to palm; flexion of wrist weakened; pain with trophic disturbances, is rated as 70 percent. Under incomplete paralysis, severe is 50 percent, moderate is 30 percent, and mild is 10 percent. 38 C.F.R. § 4.124a.

Also relevant are the DCs for scar disabilities. Ratings are available for scars that are not of the head, face, or neck that are deep and nonlinear, or superficial and nonlinear but greater than 144 square inches area, and for unstable or painful scars. 38 C.F.R. § 4.118, DCs 7801, 7802, 7804.

Facts and Analysis 

During the appeal period, the Veteran has been afforded VA examinations to determine the severity of his nerve damage to the right hand/thumb. Also of record are photographs of the scars associated with this GSW to the right hand. 

During his October 2008 VA examination, the Veteran described numbness in his right hand in the web space between the thumb and index finger, and decreased sensation in the same area involving also the index finger. His dominant hand is the right hand. Range of motion was full of the digits. There was no erythema, ecchymosis, inflammation or palpable tenderness of the hand. There was decreased sharp sensation of the right index finger that involves the radial side in the tip. Otherwise there was normal sensation. Motor was intact. There was no atrophy of the hypothenar eminence and there was full range of motion of the fingers with symmetrical strength. Monofilament testing was decreased in the radial aspect of the right index finger. Very early degenerative changes in the right hand were noted. The examiner described the Veteran's scar as appearing small, "< lcm clear area within the hand crease without tenderness, erythema, hypertrophy, or keloid formation. No adherence to the underlying tissue." 

During the August 2010 VA examination, the Veteran described flare-ups of pain, numbness and weakness with functional loss. In the thumb, thenar eminence, between the first two fingers, he described tingling, pricking, and burning. Regarding the right hand, muscle strength was weaker in the thumb and first two digits, there was difficulty in repetitive finger motion, and there was a mobile mass on the lateral aspect of the second index MCP joint. Sensory function testing in the right hand revealed abnormalities to include neuritis and neuralgia. The examiner noted the Veteran's scars on the right hand. The examiner indicated the 3 cm right index finger scar had no underlying soft tissue loss/damage and did not limit function or motion. He also noted scars on the first and second knuckles of the right hand, which were not painful and had no underlying soft tissue loss/damage and no limitation on motion or function. 

In the December 2012 VA examination, the Veteran described right hand pain. The examiner noted right extremity severe pain and severe numbness, with moderate paresthesis and/or dysesthesias. The right hand had some limitations on grip. For the median nerve, mild, incomplete paralysis was noted. The Veteran was noted to have a small, 2cm x 1 cm, irregular scar in the web of thumb and index finger of the right hand. This examiner also noted that the Veteran had mild, degenerative joint disease in the right hand. The examiner stated that any employment requiring use of the right hand would be limited due to pain and sensory impairments.

A February 2015 VA treatment note reflects diagnostic testing and no evidence of neuropathy or radiculopathy.

A VA examination of the right hand was performed in September 2015. The examiner solely addressed the severity of a peripheral nerve condition. He noted in the right extremity mild pain, mild paresthesias and/or dysesthesias, and mild numbness. Grip and pinch in the right hand were limited. There was decreased sensation in the right hand. Mild, incomplete paralysis of the median nerve was noted. The examiner stated the cause of hand numbness was unknown, although it seemed most likely to be median neuropathy.

The Veteran appeared for a VA examination in June 2016. Range of motion of the right hand was normal; and testing was done of the left hand as well with normal results. There was no gap between the pad of the thumb and fingers or between the finger and proximal transverse crease of the hand on maximal finger flexion. There was no pain noted with use of the hand. Right hand grip strength was limited. There was no ankylosis. While scars were noted, they were not painful, unstable, or larger in total area than 6 square inches. Relevant scars were right index finger 2 cm x 0.3 cm, and right thumb, 1.8 cm X 0.2 cm. The examiner stated that the Veteran's right hand disability impacts the sensory only portion of the right median nerve. As such, the Veteran has full muscular control of the hand. His hand does not have any limitations on movement as compared to the contralateral side. A decrease in sensation could have an impact on employment that involves fine motor coordination but employment requiring only gross motor skills would not be affected.

In regard to the Veteran's nerve damage of the right hand/thumb, the examinations indicate that the median nerve is impacted with incomplete paralysis; there is no indication of complete paralysis. Further, the record most strongly supports that the incomplete paralysis is mild. Both December 2012 and September 2015 examinations report the incomplete paralysis is mild. The October 2008 examination found numbness but full range of motion. In June 2016 as well, the examiner found full range of motion and noted no pain. The weight of the evidence does not demonstrate moderate or severe incomplete paralysis to warrant a higher rating. 38 C.F.R. § 4.124a, DCs 8515, 8615, 8715.

Again, for the musculoskeletal system hand and finger disabilities, ratings are assigned based on ankylosis and limitation of motion of single or multiple hand digits. 38 C.F.R. § 4.71a, DCs 5216-5230. Here there is no indication of ankylosis or limitation of motion to warrant compensation on this basis. 

The Board has considered DeLuca v. Brown, 8 Vet. App. 202 (1995) and notes some evidence of painful motion upon flare-ups or repetition, as noted during the August 2010 VA examination, and weakness especially with grip strength. The Board finds no additional compensation warranted as the 10 percent rating based on median nerve damage contemplates this painful limitation on motion and weakness in the hand.

The Board has considered Correia v. McDonald, 28 Vet. App. 158, 169-170 (2016) (holding that to be adequate a VA examination of the joints must, wherever possible, include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint). The June 2016 examiner did range of motion testing for both right and left hands initially and with observed repetitive use and use over time, and tested grip and muscle strength. As such the Board finds adequate compliance with Correia.

In regard to the Veteran's scars of the right index finger, web space, and thumb, there is no indication these scars are deep and nonlinear, superficial and nonlinear but at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.), or unstable or painful. As such, additional compensation is not warranted for scars. 38 C.F.R. § 4.118, DCs 7801, 7802, 7804.

There is no equipoise of evidence to support a finding that the criteria for higher than 10 percent rating for the Veteran's nerve damage of the right hand/thumb disability have been met for the pendency of the appeal. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine; in this case, that doctrine is not applicable. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). As such, the appeal is denied.

Extraschedular Considerations

The Board also notes that the record does not establish that the schedular criteria are inadequate to evaluate the Veteran's nerve damage of the right hand/thumb disability so as to warrant the assignment of a higher evaluation than 10 percent on an extra-schedular basis. There is no showing that the Veteran's disability is manifested by symptomatology not contemplated by the rating criteria. Accordingly, the Board finds that the criteria for submission for assignment of an extra-schedular rating pursuant to 38 C.F.R. § 3.321(b)(1) are not met. See Bagwell v. Brown, 9 Vet. App. 337, 339 (1996); Floyd v. Brown, 9 Vet. App. 88, 96 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995).

Earlier Effective Date

Under 38 U.S.C.A. § 7105, an appeal to the Board must be initiated by a timely filed NOD in writing and completed, after an SOC has been furnished, by a timely filed Substantive Appeal. 38 C.F.R. § 20.200 (2016); see also 38 C.F.R. §§ 20.201 and 20.202 (2016).

Unless specifically provided otherwise, the effective date of an award based on a claim for increased benefits shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application for such benefits. For an increased rating claim, the effective date shall be the later of either the date of receipt of claim, or the date entitlement arose. 38 U.S.C.A. § 5110 (a) (West 2014); 38 C.F.R. § 3.400 (o) (2014). An effective date for a claim for increase may also be granted prior to the date of claim if it is factually ascertainable that an increase in disability had occurred within one year from the date of claim. 38 U.S.C.A. 
 § 5110(b)(2) (West 2014); 38 C.F.R. §§ 3.400 (o)(1), (2) (2014).

The terms "claim" and "application" mean a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2016). Generally, the date of receipt of a claim is the date on which a claim, information, or evidence is received by VA. 38 C.F.R. § 3.1(r) (2016). A specific claim in the form prescribed by VA must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C.A. § 5101(a); 38 C.F.R. § 3.151(a) (2016).

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, his duly authorized representative, a Member of Congress, or a person acting as next friend of the claimant who is not sui juris may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. 38 C.F.R. § 3.155(a) (2016).

In Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009), the United States Court of Appeals for Veterans Claims (Court) has held that an informal claim must be (1) a communication in writing that (2) expresses an intent to apply for benefits, and (3) identifies the benefits sought. See also Brannon v. West, 12 Vet. App. 32, 35 (1998) (holding that before VA can adjudicate original claim for benefits, "the claimant must submit a written document identifying the benefit and expressing some intent to seek it").

In this case, service connection for nerve damage to the right hand/thumb was granted by a January 2001 rating decision. The Veteran filed a Notice of Disagreement in January 2001. A Statement of the Case was issued in February 2001; however, there was no Substantive Appeal filed pursuant to that SOC. Years later, in August 25, 2008, the Veteran filed an increased rating claim for his right hand disability. He was granted a 10 percent rating from August 25, 2008.

As such, August 25, 2008 is the date of claim. There is no indication that the Veteran perfected an appeal in 2001 and until August 2008, there is no indication a formal or informal claim was filed and/or received by VA. In reviewing the evidence of record for the one year period prior to receipt of the Veteran's August 25, 2008 claim for an increased rating, it is not factually ascertainable that an increase in the Veteran's disability occurred.

The date of claim of record, August 25, 2008, is the controlling date for the effective date assigned under the factual circumstances in this matter. As such, the Board finds that the earliest effective date possible for the grant of the 10 percent rating for service-connected nerve damage of the right hand/thumb is August 25, 2008, the date of the Veteran's claim for an increased rating. As such, the Board finds that the earliest effective date possible for the grant of the 10 percent rating for the service-connected nerve damage of the right hand/thumb is August 25, 2008, the date of the Veteran's claim for an increased rating. Accordingly, an earlier effective date for the grant of a 10 percent rating, prior to August 25, 2008, is not warranted. 

In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). As such, the appeal is denied.


ORDER

Entitlement to a disability rating in excess of 10 percent for residuals of a gunshot wound (GSW) to the right index finger, web space, and thumb with nerve damage (nerve damage of the right hand/thumb) is denied.

Entitlement to an effective date earlier than August 25, 2008, for the grant of a 10 percent rating for nerve damage of the right hand/thumb is denied.



____________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs